Joseph A. Hanusin, Appellee, v. Nick Materoh, Appellant.

Gen. No. 33,397.

Opinion filed November 6, 1929.

THOMAS A. GREEN, for appellant.

PEDEN, KAHN & MURPHY, for appellee; HOMER ANDREAS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The trial of this action was before the court without a jury and resulted in a finding of the issues for the plaintiff and a judgment in his favor for the sum of $300, from which judgment defendant brings the record to this court for review by appeal.

The action is grounded upon the following document:
"August 16, 1926.

Received of Joseph A. Hanusin Three Hundred Dollars, retainer on purchase price of Grocery and Meat Market at 536 New York Avenue, Whiting, Ind., for $3500.00—Balance of $3200.00 will be paid according to agreement between the parties.

Nick Materoh

$300.00
Subject to A. Sugar approval of assigning lease."

Plaintiff, to maintain his cause, introduced the foregoing document in evidence, and contended that "Nick Materoh never had a lease assigned to me." On cross-examination he testified, "I never talked to Mr. Sugar, the landlord. I had charge of the store for two days. I never told Mr. Materoh I did not want to go through with the deal." On this testimony plaintiff rested his case.

Defendant, to maintain the issues on his part, testified that on the 16th day of August, 1926, he signed the paper in evidence and received the $300; that on the same day he turned the store over to plaintiff, gave plaintiff the key and plaintiff took in all the receipts and kept the receipts for two days and never turned them over to him; that he had defendant's regular butcher named Barney Marewski working for him; that defendant also gave plaintiff the lease and told him to come with defendant to Mr. Sugar and Mr. Sugar would sign the assignment of the lease; that plaintiff replied that he would come later and defendant told him that he would have the lease assigned any time he wanted to go; that plaintiff still has the lease and that Mr. Sugar was always willing to assign the lease as plaintiff knew Sugar longer than he did; that plaintiff lived in Whiting, Indiana, and defendant did not; that defendant was always ready and willing to do his part of the agreement, and when he turned the store over to plaintiff he thought the deal had gone through and made other arrangements; that plaintiff told defendant that he did not want to keep the store because he was going to buy another store.

A. Sugar, the landlord, testified for defendant, corroborating his testimony regarding his willingness and readiness to assign the lease to plaintiff. He further testified that plaintiff never came to him; that he never talked with him at any time about the lease.

Barney Marewski, the butcher, testified that on August 16, 1926, defendant turned the store at 536

New York Avenue, Whiting, Indiana, over to plaintiff and that the witness worked for plaintiff two days; that defendant told him that plaintiff had bought the store and that he was to work for him, which he did for two days, during which time plaintiff ran the business.

The foregoing is all the evidence heard on the trial. It would seem quite plain from the mere statement of the evidence that the finding for the plaintiff was clearly unwarranted and contrary to the probative force of the evidence. It is not contradicted that plaintiff took over and operated the store for two days, and then abandoned it without any right so to do under the receipt in evidence. It is without contradiction that defendant did all the things required of him to be done under the agreement of sale; that the lease was duly transferred to plaintiff by defendant, and that plaintiff could have procured the consent of the landlord Sugar if he had made any attempt so to do, and that defendant offered to go with plaintiff to Sugar to procure his consent to the assignment of the lease to the plaintiff. The failure to carry out the contract of sale according to its terms was owing to the conduct of plaintiff in abandoning the premises and business there conducted, and it is the fault of plaintiff that the contract was not carried out according to its terms. Plaintiff was the defaulting party. Consequently as a matter of law, he has no standing to recover back the earnest money paid by him on his contract of purchase. It was held in *Colvin v. Weedman,* 50 Ill. 311, that the plaintiff there, as here, being the defaulting party, had no claim to recover back the advance payment.

For the foregoing reasons the judgment of the municipal court is reversed, and a judgment is entered in this court for defendant.

*Reversed and judgment here for defendant.*

WILSON, P. J., and RYNER, J., concur.